# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### GREAT FALLS DIVISION

_____

MICHAEL MAX MILLER,                    Cause No.  CV 09-00002-GF-SEH-RKS

       Plaintiff,

    vs.                                                    ORDER GRANTING MOTION TO
                                                              PROCEED IN FORMA PAUPERIS AND
                                                              FINDINGS AND RECOMMENDATION
GOV. BRIAN SCHWEITZER, et. al.,        OF UNITED STATES MAGISTRATE
                                                              JUDGE TO DISMISS COMPLAINT
      Defendants.

_____

    This matter comes before the Court on Plaintiff's Motion to Proceed In

Forma Pauperis (Document 1) and his proposed prisoner civil rights Complaint

(Document 2).

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

    Plaintiff has submitted a declaration and an account statement which is

sufficient to make the showing required by 28 U.S.C. §1915(a).  Accordingly, the

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND
RECOMMENDATION TO DISMISS COMPLAINT – CV 09-00002-GF-SEH-RKS/ PAGE 1

request to proceed in forma pauperis will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1) Plaintiff is required to pay the statutory filing fee for this action of $350.00.  Because the Court does not know the current balance of Plaintiff's account, it will waive payment of an initial partial filing fee. However, Plaintiff will be obligated to make monthly payments of 20 percent of the preceding month's income credited to his institutional account.  By separate order, the Court will direct the agency having custody of Plaintiff to forward payments from Plaintiff's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.  STATEMENT OF THE CASE

### A.      Parties

Plaintiff is a state prisoner incarcerated at the Great Falls Regional Prison in Great Falls, Montana.  He named a number of defendants including the state governor, county judges, county attorneys, a deputy state medical examiner, a county sheriff and several deputies, the Great Falls Chief of Police and several police officers, two public defenders, two appellate defenders and a probation officer.

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND
RECOMMENDATION TO DISMISS COMPLAINT – CV 09-00002-GF-SEH-RKS/ PAGE 2

**B.      Plaintiff's Allegations**

Plaintiff alleges a number of constitutional violations with regard to his criminal trial for deliberate homicide.  He alleges ineffective assistance of counsel, speedy trial violations, due process violations, a denial of a fair trial, judicial misconduct, prosecutorial misconduct, denial of his right to counsel and his right to remain silent.  He seeks reversal of his conviction.

## III.  PRESCREENING

### A.  Standard

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  Section 1915A reads as follows:

> The court shall review  . . .  as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that  . . .  (B) the

action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) allow the Court to dismiss the complaint before it is served upon the defendants if it finds the complaint is "frivolous" or "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ____, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 550 U.S. ____, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Additionally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a

*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## B.  Analysis

Plaintiff's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would

render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

conviction or sentence has been reversed on direct appeal," or otherwise declared

invalid, called into question by the issuance of a habeas writ, or expunged. *Heck,*

*512 U.S. 477.*  A claim challenging the legality of a conviction or sentence that has

not been so invalidated is not cognizable under § 1983. *Heck,* 512 U.S. at 487;

*Edwards v. Balisok*, 520 U.S. 641, 643, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

      In *Heck*, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the
> district court must consider whether a judgment in favor of the
> plaintiff would necessarily imply the invalidity of his conviction or
> sentence; if it would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or sentence has already
> been invalidated. But if the district court determines that the
> plaintiff's action, even if successful, will not demonstrate the
> invalidity of any outstanding criminal judgment against the plaintiff,
> the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis added).

      According to his Complaint, Plaintiff is in the process of appealing his

conviction to the Montana Supreme Court.  Thus, Plaintiff's conviction has not

been reversed, declared invalid, expunged, or called into question and he has

failed to state a claim upon which relief may be granted.

## IV. CONCLUSION

The defect with Plaintiff's Complaint as set forth above could not be cured by amendment.  Accordingly, Plaintiff's Complaint will be recommended for dismissal for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction. *Edwards*, 520 U.S. at 649.

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one.  See *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445).

For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

The instant Complaint is frivolous as it lacks arguable substance in law or fact. Plaintiff's claims are clearly barred by the *Heck* doctrine which is a well-established rule of law. Plaintiff's failure to state a claim is so clear, no reasonable person could suppose an appeal would have merit. Therefore, this Court will certify that any appeal of this matter would not be taken in good faith.

Based upon the foregoing, the Court makes the following:

### ORDER

1.  Plaintiff's Motion for Leave to Proceed in forma pauperis (Document 1) is **GRANTED.** The Clerk of Court shall waive prepayment of the filing fee.

2.  The Clerk shall edit the text of the docket entry for the Complaint (Document 2) to remove the word "LODGED" and the Complaint is **DEEMED FILED** on January 6, 2009.

3.  At all times during the pendency of this action, Plaintiff SHALL

IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

**RECOMMENDATION**

1. Plaintiff's Complaint (Document 2) should be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(3)(1) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Plaintiff's failure to state a claim is so clear, no reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint is

frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 2nd day of February, 2009.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT – CV 09-00002-GF-SEH-RKS/ PAGE 10